IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JACKIE WILSON LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:12-cv-02393-JTF-cgc |
| | ) | |
| GLAXOSMITHKLINE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND**

On May 24, 2012, Plaintiff, proceeding *pro se,* filed this matter on behalf of himself and other similarly-situated non-exempt employees against his employer Glaxosmithkline, LLC, ("GSK") alleging violations of the Fair Labor Standards Act (FLSA). On May 3, 2013, the case was referred to the Magistrate Judge pursuant to 28 U.S.C. §§631-39 for administration to secure its just and speedy determination. (DE #27).

Before the Court are Defendant's Motions to Dismiss for Failure to Prosecute, DE #44 and DE#48, filed on August 26, 2013 and November 15, 2013, respectively. Also pending before the Court is Plaintiff's Motion to Amend filed on November 22, 2013. (DE# 51). Plaintiff has not filed timely responses to either Motion to Dismiss as required by Local Rule 7.2. On October 28, 2013, the Magistrate Judge entered an Order for the Plaintiff to Show Cause why

a recommendation should not be made to this Court to grant the Defendant's Motion to Dismiss, DE #44, that was filed on August 26, 2013 pursuant to Fed. R. Civ. P. 41(b)[1]. (DE #47). Plaintiff's response to the Order to Show Cause was due by November 12, 2013. On November 15, 2013, Defendant filed the Renewed and Supplemental Motion to Dismiss for Failure to Prosecute. (DE # 48). However, Plaintiff has failed to file responses to the Magistrate Judge's Order to Show Cause and to either of the Defendant's Motions to Dismiss.

On February 3, 2014, the Magistrate Judge entered her Report and Recommendation, DE #53, that the Court grant Defendant's motions to dismiss, DE # 44 and DE #48, for failure to prosecute and that Plaintiff's Motion to Amend be denied. (DE # 51). In the report and recommendation, the Magistrate Judge considered the four factors relative to whether a motion to dismiss for failure to prosecute should be granted as provided in *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999).[2] The Magistrate Judge concluded that all of the four factors in *Knoll* weighed in favor of dismissal, including the fact that Plaintiff has failed to appear for a Scheduling Conference set for August 13, 2013. Further, Plaintiff had failed to assert any new factual allegations that would justify granting the Motion to Amend without undue prejudice to the Defendant. No objections have been filed to the report and recommendation.

After reviewing the Magistrate Judge's Report and Recommendation and the entire record, the Court finds the Magistrate's Report and Recommendation should be adopted in its entirety.

---

[1] The Order to Show Cause was returned as Undeliverable by the United States Postal Service on November 18, 2013 but a Notice of Change of Address was filed by Plaintiff with the Clerk of Court on November 22, 2013. (DE #50). On the same day the Change of Address was filed, Plaintiff filed a Motion to Amend EEOC Charges. (DE #51).

[2] The four factors that are generally considered by the courts include whether: 1) the party's failure is due to willfulness, bad faith, or fault; 2) the adversary was prejudiced by the dismissed party's conduct; 3) the dismissed party was warned that failure to cooperate would lead to dismissal; and 4) there are less drastic sanctions that may be imposed or considered prior to dismissal. *Knoll,* 176 F.3d at 363.

## I. LEGAL STANDARD

District court judges have the discretion to refer dispositive pretrial matters to magistrate judges for proposed findings of fact and proposed conclusions of law for report and recommendation. 28 U.S.C. §636(b)(1)(B). A district court must review dispositive motions under the *de novo* standard. *See Brown v. Wesley's Quaker Maid, Inc.,* 771 F.2d 952, 954 (6th Cir, 1985); *Woodley v. City of Memphis*, No. 06-2091, 2007 WL 760378 *1 (W.D. Tenn. 2007).

## II. ANALYSIS

The Magistrate Judge properly found that Plaintiff has failed to respond on several occasions to Orders of the Court. The Court notes that Plaintiff has also failed to file any objections pursuant to Fed. R. Civ. P. 72(b) to the Magistrate Judge's report and recommendation that Defendant's Motions to Dismiss be granted. *Deutsche Bank Nat. Trust Co. v. Newman*, No. 3:07cv277, 2007 WL 4039286 *3 (S.D. Ohio 2007). Despite Plaintiff providing the Clerk of Court with a corrected address three days after the date the response to the Order to Show Cause was due, he still failed to adhere to Orders issued by this Court. Plaintiff should have been aware of the Defendant's outstanding motions to dismiss the complaint as well as the Magistrate Judge's Order to Show Cause. Moreover, this Court previously entered an Order to Show Cause on December 14, 2012, DE #11, why the case should not be dismissed for similar reasons. At that time, Plaintiff had failed to file notices with the Court that the parties were timely served and the case had remained dormant since June 12, 2012.

Fed. R. Civ. P. 41 (b) provides that if a plaintiff fails to prosecute or to comply with the rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal states otherwise, the dismissal under this provision operates as an adjudication on

the merits. *Schafer, et al. v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) citing *Knoll v. AT&T,* 176 F.3d 359, 363 (6th Cir. 1999); *Duvall v. Commissioner of Social Security*, No. 2:12-cv-486, 2012 WL 5288125 *1 (S.D. Ohio 2012). Plaintiff has failed to comply with several orders of the Court including to appear at a Rule 26 (b) scheduling conference and to respond to an Order to Show Cause. Further, Plaintiff failed to file responses to the Motions to Dismiss. *See U.S. v. Baker, 197 F.3d 211, 218* (6th Cir. 1999) ("Even those not versed in the law recognize the centuries-old maxim that 'ignorance of the law is no excuse.' . . . To allow an ignorance of the law excuse would encourage and reward indifference to the law."); and *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("[E]ven a pro se litigant, whether plaintiff or a defendant, is required to follow the law"). Accordingly, the Court finds the Magistrate Judge's report and recommendation to dismiss this case should be adopted and the case dismissed.

**III. CONCLUSION**

For the reasons set forth above, the Court Adopts the Magistrate Judge's Report and Recommendation to Deny Plaintiff's Motion to Amend, DE #51, and to Grant Defendant's Motions to Dismiss, DE #44 and DE #48, and orders this case dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED on this 21st day of February, 2014.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
